IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE ALFREDO LOPEZ,

        **Plaintiff,**

vs.                              Civ. No. 04-0668 BB/LCS

**TORRANCE COUNTY DETENTION
FACILITY, CORRECTIONS CORPORATION
OF AMERICA, C/O RIPPTOE,**

        **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment on Mootness Grounds, filed on November 18, 2004. (Doc. 14). The Court, having considered the record, arguments of counsel, relevant law, and being otherwise fully advised, recommends that Defendants' Motion is not well-taken and should be **DENIED**.

**I.  Proposed Findings**

    **A. Background**

    1.    On June 14, 2004 Plaintiff filed his Complaint alleging that on March 6, 2004, Corrections Officer Rippetoe called him a "snitch" in a voice that was loud enough for other inmates to hear and thus, caused his safety to be in danger in violation of the Eighth Amendment and 42 U.S.C. § 1983.[1] (Doc. 1 at 2). Plaintiff also alleged that Defendant Rippetoe's statement about him

---

[1] The Court notes that Plaintiff does not specifically allege that Defendants' actions were in violation of the Constitution or 42 U.S.C. § 1983; however, the Court construes Plaintiff's allegations as implicating a violation of his Eighth Amendment rights as well as his rights pursuant to 42 U.S.C. § 1983.

was defamatory. (Doc. 1 at 1, 2). After an examination of Plaintiff's Complaint, it appeared that Plaintiff was solely seeking declaratory relief. (Doc. 1 at 3). In his prayer for relief, Plaintiff merely stated that he had sought remedy through the Torrance County Detention Facility's ("TCDF") grievance procedure and that TCDF failed to acknowledge the serious threat to his life as caused by Defendant Rippetoe.[2] (Doc. 1 at 3). He also requested that he be advised by counsel. (*Id.*) However in his Response to the Court's Order to Show Cause, Plaintiff stated that he was seeking $40,000 for constitutional violations under the Eighth Amendment and 42 U.S.C. § 1983[3] that occurred when Defendant Rippetoe called him a "snitch" in the presence of other inmates, thereby putting his life in danger. (Doc. 8 at 1).

2. According to the Affidavit of Warden Rick Looney, Plaintiff was an inmate at TCDF during March 2004 but was transferred to the Cumberland Federal Correctional Institution on September 14, 2004, a facility that is not associated with Defendant Corrections Corporation of America ("CCA"). (Looney Aff. ¶¶ 3-5, Doc. 14). Plaintiff has not notified the Clerk of his change of address.

3. Defendants filed their Motion for Summary Judgment on Mootness Grounds on November 19, 2004. (Doc. 14). Defendants argue that because Plaintiff requests "declaratory and perhaps injunctive/mandamus relief but nothing more" and because Plaintiff is no longer at TCDF or at any CCA facility, Summary Judgment must be granted in their favor because his claim is moot. (Doc. 14 at 1-3). Plaintiff has not filed a Response to Defendants' Motion.

---

[2] By Order of the Court, Torrance County Detention Facility was dismissed from the instant action on September 30, 2004. (Doc. 9).

[3] *See* Footnote 1, *supra*.

**B. Discussion**

5.      Under Rule 83.6 of the Local Civil Rules for the District of New Mexico, "[a]ll attorneys of record and parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses, telephone numbers and, . . .any change in facsimile numbers or electronic addresses." D.N.M.LR-Civ. 83.6 (2004). According to Warden Looney's Affidavit, Plaintiff was transferred to the Cumberland Federal Correctional Institution on September 14, 2004. (Looney Aff. ¶ 4, Doc. 14). However, Plaintiff has not notified the Clerk, in writing, of his address change as required by the local rules. *See* D.N.M.LR-Civ. 83.6 (2004). As a result, the Clerk will undoubtedly mail my proposed findings and recommended disposition to TCDF, as it is the most recent address on record with the Clerk. I will mail my proposed findings and recommended disposition to Plaintiff's current address at Cumberland Federal Correctional Institution, but Plaintiff is obligated and **ordered** to immediately notify the Clerk of his current address and any future changes of address.

6.      Pursuant to Rule 7.1(b) of the Local Civil Rules for the District of New Mexico "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b) (2004). Plaintiff has failed to file a response to Defendants' Motion for Summary Judgment. The Court reminds Plaintiff that his failure to respond to any Motion as well as his failure to formally notify the Clerk of his correct address as prescribed by Rule 83.6 may result in the sanction of dismissal of his case. *See* FED. R. CIV. P. 41(b) (2004 revised ed.); D.N.M.LR-Civ. 7.1(b), 83.6 (2004); *Issa v. Comp USA*, 354 F.3d 1174 (10th Cir. 2003); *Meade v. Grubbs*, 841 F.2d 1512 (10th Cir. 1988).

7.      The Court liberally construes Plaintiff's Response to the Court's Order to Show Cause

as an Amended Complaint which seeks damages in the sum of $40,000 for violations of his constitutional rights under the Eighth Amendment and 42 U.S.C. § 1983. *See Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989) (court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer). The Court need not decide whether Plaintiff's claim was moot prior to the filing of his Response to the Order to Show Cause. It is clear, however, that Defendants' Mootness argument fails due to Plaintiff's Response to the Order to Show Cause. Plaintiff is not requesting "declaratory and perhaps injunctive/mandamus relief but nothing more;" he is seeking $40,000 in damages. (Doc. 8 at 1). As such, whether he is incarcerated at TCDF is of no consequence, as his requested relief does not depend upon his incarceration at that facility. As such, Defendants' Motion for Summary Judgment on Mootness Grounds should be denied.

8. Finally, to the extent that Plaintiff's original Complaint can be construed as containing a Motion for Appointment of Counsel, the Court finds that Plaintiff's Motion is **DENIED** at this time.

## II. Recommended Disposition

I recommend that Defendants' Motion for Summary Judgment on Mootness Grounds, filed November 18, 2004 (Doc. 14) be denied.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections

are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE**